UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KASEY L. SANDLIN,                      )
                                       )
                    *Plaintiff*,       )
                                       )        Case No. 1:20-cv-2333
        v.                             )
                                       )
BELL SPORTS, INC.                      )
                    *Defendant*.       )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bell Sports, Inc. ("Defendant") hereby remove the above-captioned case to the United States District Court for the Southern District of Indiana.[1]  Removal is proper under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

In support of removal, Defendant states as follows:

1.      The present lawsuit was filed by Plaintiff Kasey L. Sandlin on July 31, 2020, in the Marion County Superior Court, Indiana, Cause No. 49D13-2007-CT025983 (the "Lawsuit"). Defendant received service of the Summons and Complaint on August 10, 2020.

2.      The Lawsuit is a civil action in which Plaintiff alleges that she sustained injuries due to alleged defects in the "Bell Pedal System" allegedly provided by Defendant. [Compl. ¶¶ 4-6.]

---

[1] By removing this case from state court Defendant does not waive, and specifically reserve, any defense available to them under Federal Rule 12. *See Great Am. Ins. Co. of New York v. Nippon Yusen Kaisha*, No. 13-CV-00031, 2013 WL 3850675, at *3 (N.D. Cal. May 10, 2013).

3.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, and Defendants have satisfied the procedural requirements for removal.

**I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

4.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between the Plaintiff and the Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  Complete diversity existed at the time the Complaint was filed and at the time of removal.

**A.   There is Complete Diversity of Citizenship.**

5.      Plaintiff Kasey L. Sandlin is a citizen of **Indiana**.  [Compl. ¶ 1.]

6.      Defendant Bell Sports, Inc. is incorporated in California with its principal place of business in Illinois and therefore is considered a citizen of **California and Illinois** for purposes of diversity jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

7.      Plaintiff is a citizen of Indiana and no Defendant is a citizen of Indiana.  There is, therefore, complete diversity of citizenship between the parties.

**B.   The Amount in Controversy Exceeds the $75,000 Threshold.**

8.      Removal under 28 U.S.C. § 1446(c)(2)(B) is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9.      Plaintiff alleges in her Complaint that she has suffered "permanent and painful injuries, including a traumatic brain injury, incurred medical expenses pain and suffering and other

pecuniary damages." [Compl. ¶ 6.]  Plaintiff also alleges she suffered "disfigurement . . . mental anguish [and] lost wages." [Compl., Ad Damnum Clause.]

10.     It is widely recognized that personal injury claims facially meet the $75,000 jurisdictional threshold. *See, e.g., McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("Indeed, courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount. . ."); *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007)(denying motion to remand); *Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (same).

11.     While Defendant denies Plaintiff's allegations, Indiana cases alleging traumatic brain injuries can easily exceed the $75,000 threshold.  *See generally Johnson-Borman v. Taylor,* 2020 WL 4034901 (Ind. Super. Mar. 27, 2020) ($750,000 jury verdict for a traumatic brain injury); *Binkowski v. Grand Island Express, Inc., and Vincent T. Holland*, 2018 WL 3243254 (Ind. Super. 2008) ($4,976,061.65 judgement for a  traumatic brain injury); *Eversole v. H&J Trucking, et al.*, 2010 WL 6103437 (S.D. Ind. 2010) ($1,273,000 jury verdict for mild brain injury).

12.     Thus, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

**II.     OTHER REMOVAL REQUIREMENTS MET**

13.     Defendant's Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because the Complaint was the first pleading from which Defendant first could ascertain that the case was removable and this Notice is filed within 30 days of service of the Summons and Complaint.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

14.     This Notice of Removal is in compliance with Rule 11 of the Federal Rules of Civil Procedure.

15.     Copies of all pleadings filed and orders received in this matter are attached as

**Exhibit A**.

16.     Removal of this action is not prohibited by 28 U.S.C. § 1445.

WHEREFORE, Defendant hereby notifies the Court of the removal of this action from the

Marion County Superior Court.

Dated: September 8, 2020                                    Respectfully submitted,

                                                           *Joseph G. Eaton*
                                                           Joseph G. Eaton, Atty No. 15731-29
                                                           Mercedes Logan
                                                           BARNES & THORNBURG LLP
                                                           11 South Meridian Street
                                                           Indianapolis, Indiana 46204
                                                           Telephone: (317) 236-1313
                                                           Facsimile: (317) 231-7433
                                                           joe.eaton@btlaw.com
                                                           mlogan@btlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2020, a copy of the foregoing was filed electronically and served upon the following counsel by electronic transmission.

> M. Michael Stephenson
> Brady J. Rife
> Sean R. Roth
> STEPHENSON RIFE, LLP
> 21450 Intelliplex Drive, Suite 200
> Shelbyville, IN 46176
> mikestephenson@srtial.com
> bradyrife@srtrial.com
> seanroth@srtrial.com

> /s/ Joseph G. Eaton
> Joseph G. Eaton
> Mercedes Logan