UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KASEY L. SANDLIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BELL SPORTS, INC., )<br>)<br>Defendant. ) | No. 1:20-cv-02333-SEB-DLP |

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This product liability case is before the Court on Plaintiff Kasey L. Sandlin's Motion for Partial Summary Judgment [Dkt. 77]. Specifically, Ms. Sandlin seeks a ruling in her favor holding that Defendant Bell Sports, Inc. must be held to the same standard of care in the design, manufacture, and sale of the product at issue, to wit, the Kicks 650 bicycle pedal set, as if Bell Sports were in fact the manufacturer of the product. Bell Sports opposes Ms. Sandlin's motion. For the reasons detailed below, we <u>DENY</u> Plaintiff's Motion for Partial Summary Judgment.

**Factual Background**

This case involves a Kicks 650 "Universal Pedal Set" sold by Bell Sports. On August 8, 2018, Ms. Sandlin and her boyfriend were biking south on the sidewalk abutting College Avenue near downtown Indianapolis, Indiana, when the pedal adapter for the Kicks 650 (the "Subject Pedal") affixed to the crank arm of Ms. Sandlin's bicycle failed as she peddled up an incline in the standing position. Ms. Sandlin alleges that, as a

1

result of the Subject Pedal failing, she lost control of her bicycle and crashed, suffering permanent injuries, including a traumatic brain injury. Based on these facts, Ms. Sandlin's complaint alleges claims against Bell Sports under negligence, implied warranty, and strict liability theories for defects in the Kicks 650 system.[1]

The Subject Pedal had been purchased new from a Walmart store by Ms. Sandlin's boyfriend, and, at the time of purchase, was in its original packaging as depicted below:



---

[1] The parties have not to our knowledge addressed consolidating these claims under the Indiana Products Liability Act.

Dkt. 79-1.  The Kicks 650 system's packaging states that the product was "MADE IN CHINA," but does not identify the manufacturer by name or include the manufacturer's address.  Rather, the only address listed on the packaging is the address for Bell Sports in Rantoul, Illinois, and the packaging further instructs consumers to visit the Bell Sports website for warranty details.  The name "Bell" is engraved into both sides of each of the Kicks 650 pedals, including the Subject Pedal.

Ms. Sandlin originally filed her complaint for damages against Bell Sports on July 31, 2020, in Marion County, Indiana, after which the case was removed to this Court.  In her complaint, Ms. Sandlin alleges that Bell Sports designed, manufactured, engineered, fabricated, inspected, marketed, distributed, sold, and warranted the Kicks 650 system.  However, following discovery, the parties now agree that the entity responsible for the Kicks 650 system's design, testing, manufacturing, prefabrication, fabrication, inspection, and quality control is Ningbo Detai Machinery Ltd. ("Ningbo Detai"), located in YinJiang Ningbo, China.  Dkt. 79-2.

On November 12, 2021, Ms. Sandlin filed the instant Motion for Partial Summary Judgment, arguing that Bell Sports, the seller of the Kicks 650 system, should be held to the same standard of care in the design, manufacture, and sale of the Subject Pedal as if it were in fact the manufacturer because it "held itself out" as such.  That motion is now fully briefed and ripe for ruling.

3

## Legal Analysis

### I. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the nonmovant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

### II. Discussion

In her complaint, Ms. Sandlin asserts product liability claims against Bell Sports under negligence, implied warranty, and strict liability theories for defects in the Kicks 650 system. Initially, Ms. Sandlin alleged that Bell Sports manufactured the Subject Pedal, but she now concedes that Ningbo Detai is in fact the manufacturer of the allegedly defective product. Presently before the Court is Ms. Sandlin's motion for partial summary judgment asserting that Bell Sports can, and should, as a matter of law, be held responsible for her injuries as if it had manufactured the Subject Pedal.

The parties disagree as to the correct legal standard governing this issue. Ms. Sandlin originally moved for partial summary judgment solely on grounds that Bell Sports is the "apparent manufacturer" of the Kicks 650 system and thus should be held to

the same standard of care as if it had in fact manufactured the Subject Pedal. In support of this contention, Ms. Sandlin cites the decision of the Indiana Court of Appeals in *Dudley Sports Co. v. Schmitt*, 279 N.E.2d 266 (Ind. Ct. App. 1972), where the court, relying heavily on Section 400 of the Restatement (Second) of Torts (1965), held that a seller "who holds [it]self out as the manufacturer of a product and labels the product as such must be held to the same standard of care as if [it] were in fact the manufacturer." 279 N.E.2d at 273. According to Ms. Sandlin, the undisputed facts here establish that Bell Sports "held itself out" as the manufacturer of the Kicks 650 system by failing to indicate anywhere on the product's packaging that an entity *other* than Bell Sports was the manufacturer and that it must therefore be held liable to the same extent as the actual manufacturer.

In response, Bell Sports notes that, following adoption of the Indiana Products Liability Act ("IPLA"), the issue of whether a seller can be treated as a manufacturer for product liability purposes is no longer governed by *Dudley Sports*, rather by the express language of the IPLA, prompting Ms. Sandlin for the first time in her reply brief to argue that she is alternatively entitled to partial summary judgment based on Bell Sports's liability under the IPLA's "domestic distributor" exception in the place of the manufacturer. This exception provides that, if the court "is unable to hold jurisdiction over a particular manufacturer of a product or a part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered, for the purpose of this chapter, the manufacturer of the product." IND. CODE § 34-20-2-4. Ms. Sandlin argues that the "domestic distributor"

5

exception applies here because the undisputed facts establish that this court lacks both specific and general jurisdiction over Ningbo Detai, the Chinese entity that manufactured the Subject Pedal, and also that Bell Sports is Ningbo Detai's principal distributor or seller of the Kicks 650 system.

Bell Sports opposes Ms. Sandlin's motion on several grounds. Bell Sports begins by noting that *Dudley Sports* no longer provides the governing legal standard, and, even if it did, that genuine issues of material fact exist as to whether Bell Sports "held itself out" as the manufacturer of the Kicks 650 system thereby precluding summary judgment under the "apparent manufacturer" theory. Bell Sports also urges us to reject Ms. Sandlin's alternate theory under the IPLA's "domestic distributor" exception as untimely, since that argument was not raised until her reply brief. In the event the Court chooses to address the merits of the "domestic distributor" theory, Bell Sports contends that Ms. Sandlin's motion must be denied based on her failure to establish either that the Court is unable to exercise jurisdiction over Ningbo Detai or that Bell Sports is the principal distributor of the allegedly defective product at issue in this litigation.

Having considered the parties' briefing and evidentiary submissions, for the reasons detailed below, we hold that genuine issues of material fact do exist which preclude partial summary judgment in Ms. Sandlin's favor. The governing case law is clear that, to the extent the *Dudley Sports* analysis is relevant, which relies on Section 400 of the Restatement (Second) of Torts, it applies only to negligence claims, not strict liability claims. *Duncan v. M&M Auto Serv., Inc.*, 898 N.E.2d 338, 342 (Ind. Ct. App. 2008) ("Our Supreme Court has recognized Section 400, but only as applied to

negligence claims.") (citing *Kennedy v. Guess, Inc.*, 806 N.E.2d 776, 783 (Ind. 2004)). To the extent that such a claim exists here, Ms. Sandlin is not entitled to partial summary judgment under the "apparent manufacturer" theory because she has not established as a matter of fact or law that Bell Sports "held itself out" as the manufacturer of the Kicks 650 system.

In support of her claim that Bell Sports is the "apparent manufacturer" of the Subject Pedal, Ms. Sandlin cites the following facts: the name "Bell" is engraved into both sides of the Kicks 650 pedals, including the Subject Pedal; the only address and contact information listed on the product's packaging references Bell Sports in Rantoul, Illinois; the packaging directs consumers to visit the Bell Sports website for warranty details; and, although the product's packaging states that the product was "MADE IN CHINA," it does not identify the manufacturer by name or include the manufacturer's address. Ms. Sandlin maintains that she is entitled to partial summary judgment under the "apparent manufacturer" theory because a reasonable consumer relying on these facts would believe that Bell Sports was the manufacturer of the Kicks 650 system. Bell Sports rejoins, citing that the packaging clearly states that the product was "MADE IN CHINA," which notification is juxtaposed next to Bell Sports's address in "Rantoul, Illinois, USA" (a location obviously *not* in China), a reasonable customer would understand that the Kicks 650 system was manufactured in China by an entity other than Bell Sports.

The Indiana Supreme Court has ruled that "[w]hether a 'holding out' has occurred should be judged from the viewpoint of the purchasing public, examining whether the

public has been induced to believe that the vendor was the actual manufacturer of the product." *Kennedy*, 806 N.E.2d at 784.  In *Dudley Sports*, the Indiana Court of Appeals reasoned that "[w]hen a vendor puts his name exclusively on a product, in no way indicating that it is the product of another the public is induced to believe that the vendor was the manufacturer of the product." *Dudley Sports*, 279 N.E.2d at 273.  Thus, the "apparent manufacturer" rule has been used in Indiana to "hold a vendor liable for the negligence of the manufacturer where the vendor placed its name on the product and gave no indication of who was the actual manufacturer." *Kennedy*, 806 N.E.2d at 784.

In *Dudley Sports*, there was *no* indication that a separate entity might be responsible for the manufacturing.  By contrast, although the Kicks 650 system packaging neither explicitly states that an entity other than Bell Sports manufactured the product nor identifies Ningbo Detai as the manufacturer, the packaging of the Subject Pedal informs the consumer that the product was "MADE IN CHINA" through a notification printed directly below the listing of Bell Sports's address within the United States on the packaging of the Kicks 650 system.  We thus hold that a genuine issue of material fact exists regarding whether the Subject Pedal's packaging conveys to the consumer the impression that the device was manufactured in China *by* Bell Sports, or whether, because the only address listed on the packaging for Bell Sports is in the United States, it was manufactured by another manufacturer in China *for* Bell Sports.  *Cf. Brosch v. K-Mart Corp.*, No. 2:08-CV-152, 2012 WL 3960787, at *5–*7 (N.D. Ind. Sept. 10, 2012) (denying the plaintiff's motion for partial summary judgment because there existed a material question of fact as to whether the words "Made in China for Kmart" appearing

8

on the product "would convey to a consumer the impression that [the product was manufactured] by K-Mart or especially for K-Mart by another manufacturer"). Accordingly, partial summary judgment in Ms. Sandlin's favor is not available under the "apparent manufacturer" theory.

Nor has Ms. Sandlin established as a matter of law that the IPLA's "domestic distributor" exception applies here. This statute provides that:

> If a court is unable to hold jurisdiction over a particular manufacturer of a product or part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered, for purposes of this chapter, the manufacturer of the product.

IND. CODE § 34-20-2-4. Thus, in order to prove that Bell Sports should be considered a manufacturer under the IPLA's domestic distributor exception and demonstrate an entitlement to summary judgment on this basis, Ms. Sandlin must put forth evidence sufficient to establish both that Bell Sports is the principal distributor of the Subject Pedal and that we would not be able to exercise jurisdiction over Ningbo Detai. For the following reasons, she has failed to do so and thus has not satisfied her burden on summary judgment.

For emphasis, we note again that Ms. Sandlin did not address this theory in her opening brief but instead raised it for the first time in her reply. Under well-settled Seventh Circuit law, she is thus deemed to have waived this argument. *E.g.*, *Griffin v. Sanders*, No. 1:19-cv-00637-TWP-DML, 2022 WL 196458, at *10 (S.D. Ind. Jan. 20, 2022) ("[A]rguments raised for the first time on reply are waived.") (citing *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012)). Ms. Sandlin's request for partial summary judgment

9

on the "domestic distributor" theory fails on this basis alone. Even if it had not been waived, genuine issues of material fact exist regarding whether Bell Sports is Ningbo Detai's "principal distributor" and whether this Court can exercise jurisdiction over Ningbo Detai, precluding summary judgment in Ms. Sandlin's favor.

For the "domestic distributor" exception to apply here, Ms. Sandlin must first establish that Bell Sports is the "principal distributor" of the Subject Pedal. Her argument on this point consists of one conclusory sentence, to wit, that "[t]here is no dispute" that Bell Sports is the principal distributor or seller of the Kicks 650 pedal because that pedal was "specifically manufactured for, and distributed by, Bell Sports." Pl.'s Reply at 8.

Contrary to Ms. Sandlin's characterization, this issue appears to be very much in dispute. Bell Sports notes that, while Bell Sports is one of Ningbo Detai's customers, it is not the manufacturer's principal distributor or seller as that term is construed under the IPLA. In support of that contention, Bell Sports has submitted evidence that, over the last five years, Ningbo Detai has manufactured and sold more than 50 million pedal pairs annually to several major customers, of which Bell Sports purchased and resold a total of only 45,359 Kicks 650 pedal sets before discontinuing the product. The Kicks 650 system, including the pedal at issue in this litigation, was an "off-the-shelf" platform, meaning that it was a product that Ningbo Detai had available in its catalog and had "already developed and done … the industrial design for and the engineering for. And all [Bell Sports] did is pick the shape that [it] liked." Osada Dep. at 29, 30. According to Bell Sports, because it was an "off-the-shelf" product, other sellers and distributors of Ningbo Detai's products could select the same off-the-shelf pedal from the catalog for

10

purchase and distribution. Thus, at a minimum, there is a genuine issue of material fact regarding whether Bell Sports was or should be deemed Ningbo Detai's *principal* distributor under the IPLA. *See Kennedy*, 806 N.E.2d at 782 (interpreting "principal" in this context to mean "chief, leading; most important or considerable; primary; original) (quoting *Black's Law Dictionary* 1210 (7th ed. 1999)).

Ms. Sandlin has also failed to present sufficient evidence from which a determination can be made as a matter of law that this Court would be unable to exercise jurisdiction over Ningbo Detai, a Chinese company. Ms. Sandlin argues that, because Ningbo Detai is based in China and has "no business presence in the United States," its "sole link to Indiana is the mere fact that Bell Sports unilaterally distributed its products throughout Indiana" and thus the company "lacks the prerequisite minimum contacts with the State of Indiana" required for this Court to exercise personal jurisdiction over it. Pl.'s Reply at 12. This conclusory argument falls short of satisfying her burden to demonstrate that no genuine issue of fact exists on this issue.

The Seventh Circuit "is among those that apply the stream of commerce theory in products liability cases," *J.S.T. Corp. v. Foxconn Interconnect Tech., Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020), meaning that an entity may in some circumstances be subject to specific jurisdiction in this forum if it "delivers products into a stream of commerce, originating outside the forum state, with the awareness or expectation that some of the products will be purchased in the forum state[.]" *Kreuziger Drainage LLC v. Inter-Drain Sales BV*, No. 21-cv-0908-bhl, 2022 WL 1136761, at *3 (E.D. Wisc. Apr. 18, 2022) (quoting *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004)); *see also*

11

*Wilson v. Nouvag GmbH*, No. 15-CV-11700, 2018 WL 1565602, at *5 (N.D. Ill. Mar. 30, 2018) (recognizing that courts within our circuit "have ruled that, in certain circumstances, personal jurisdiction exists over a foreign manufacturer … that used a third-party distributor to sell its products in the United States") (collecting cases); *In re TRT Prods. Liab. Litig.*, No. 14 C 1748, 2016 WL 5890022, at *3 (N.D. Ill. Oct. 10, 2016) ("[A] foreign manufacturer, who places its product into the stream of commerce in the United States may be subject to jurisdiction in a state where that product causes an injury and where there is a regular flow of its product or a regular course of sales in that state."). Ms. Sandlin has failed to adduce sufficient facts within the record to enable us to determine as a matter of law that we would be unable to exercise jurisdiction over Ningbo Detai, particularly given the fact-dependent nature of the jurisdictional inquiry as illustrated by this line of cases.[2]

### III. Conclusion

For the reasons detailed above, Plaintiff's Motion for Partial Summary Judgment [Dkt. 77] is <u>DENIED</u>. This case shall proceed accordingly.

IT IS SO ORDERED.

Date:   7/27/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] Although not dispositive, we note that, despite having actual knowledge of Ningbo Detai's role as the manufacturer of the Subject Pedal since at least March 15, 2021, when Bell Sports filed its amended answer, Ms. Sandlin has never named Ningbo Detai as a party to this lawsuit or attempted to obtain service of process on the actual manufacturer.

Distribution:

Joseph Gregory Eaton
BARNES & THORNBURG, LLP (Indianapolis)
joe.eaton@btlaw.com

Brady J. Rife
STEPHENSON RIFE LLP (Shelbyville)
bradyrife@srtrial.com

Robert Roth
REED SMITH LLP
rroth@reedsmith.com

Sean Robert Roth
STEPHENSON RIFE LLP
seanroth@srtrial.com

Lauren Nottoli Schwabe
BARNES & THORNBURG, LLP (Indianapolis)
lauren.schwabe@btlaw.com

M. Michael Stephenson
STEPHENSON RIFE LLP (Shelbyville)
mikestephenson@srtrial.com