UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KASEY L. SANDLIN,                      )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      No. 1:20-cv-02333-SEB-DLP
                                       )
BELL SPORTS, INC.,                     )
                                       )
            Defendant.                 )

**ORDER ON DEFENDANT'S MOTIONS TO EXCLUDE OR LIMIT THE
EXPERT TESTIMONY OF JESSE SAVAGE, M.D., PH.D. AND JON
JACOBSON, PH.D., PE**

Now before the Court are Defendant Bell Sports, Inc.'s Motions to Exclude or

Limit the Expert Testimony of Jesse Savage, M.D., Ph.D. [Dkt. 95] and Jon Jacobson,

Ph.D., PE [Dkt. 102], pursuant to Federal Rule of Civil Procedure 26.  Plaintiff Kasey L.

Sandlin opposes these motions.  We address them in turn below.

**I.      Expert Disclosures Under Federal Rule of Civil Procedure 26(a)(2)**

Expert witnesses, which include those individuals whose testimony consists of

opinions based on "scientific, technical, or other specialized knowledge," must be

disclosed by the deadlines established by the court.  Fed. R. Evid. 702; Fed. R. Civ. P.

26(a)(2).  Under Rule 26, an expert who is "retained or specially employed to provide

expert testimony" must provide a written report containing a complete statement of all the

opinions to be expressed and the bases and reasons supporting those opinions in the

disclosure.  Fed. R. Civ. P. 26(a)(2)(B).  Witnesses offering expert testimony who were

not specially employed for litigation are not required to file a written report, but the party

1

offering such testimony still must provide a disclosure stating the subject matter on which

the expert is expected to testify, and a summary of the facts and opinions to which the

witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).  If an expert's testimony is

intended "solely to contradict or rebut evidence on the same subject matter identified by

another party under Rule 26," parties are permitted to disclose such rebuttal experts

within 30 days of the disclosure of the other party's experts. Fed. R. Civ. P.

26(a)(2)(D)(ii).  Unless the court orders otherwise, these disclosures must be in writing,

signed by counsel, and served to opposing counsel by the deadline for expert disclosures

set by the trial judge under Rule 26(a)(2)(D).  Fed. R. Civ. P. 26(a)(4).

## II.    Jesse Savage, M.D., Ph.D

### A. Factual Background

On September 8, 2021, as part of Plaintiff's initial expert disclosure, she identified

Dr. Savage, one of her treating neurologists, as an expert witness pursuant to Fed. R. Civ.

P. 26(a)(2)(C).  Plaintiff disclosed that Dr. Savage:

> May be used at trial to present evidence under Rules 702, 703, or 705 of the
> Federal Rules of Evidence as to Ms. Sandlin's injuries, diagnoses, treatment,
> and prognoses.  Because Dr. Savage has not been retained or specifically
> employed by Plaintiff to provide expert testimony, he may be called to testify
> at trial without any requirement for a written report.

Dkt. 96-1 (Pl.'s Expert Disclosure).  Dr. Savage treated Plaintiff for the traumatic brain

injury she sustained as a result of her August 8, 2019 bicycle accident from the date of

the accident to August 28, 2019.  Plaintiff's initial expert disclosure did not include a

summary of the facts and opinions to which Dr. Savage was expected to testify as

required by Rule 26(a)(2)(C)(ii).

Plaintiff supplemented her initial expert disclosure on October 27, 2021, in response to Defendant's counsel's request that Plaintiff comply with Rule 26(a)(2)(C)(ii). Plaintiff's supplemental disclosure summarizes Dr. Savage's expected testimony as follows:

> Dr. Savage is a neurosurgeon who treated [Plaintiff] following the August 8, 2018 incident. Dr. Savage is expected to testify as to the traumatic injuries suffered by [Plaintiff] as a result of the August 8, 2018 [incident] including, *inter alia*, subdural hematoma, subarachnoid hemorrhage, pneumocephalus, left frontotemporal and tentorial subdural hematoma, scalp laceration, frontotemporal acute epidural hematoma, right frontoparietal injury, epidural hemorrhage, epidural hematoma and right temporal bone fracture extending through the bony external auditory canal, middle ear, and mandibular fossa. Dr. Savage is further expected to testify as to the treatment rendered to [Plaintiff] because of the above-referenced injuries including a craniotomy and removal of a blood clot which was directly and proximately related to the injuries she sustained as a result of the incident. Dr. Savage is further expected to testify that the injuries suffered by [Plaintiff] are permanent in nature and have resulted in bilateral brain volume loss and encephalomalacia. Dr. Savage is further expected to testify that [Plaintiff's] traumatic brain injury as a result of the August 8, 2018 incident will continue to negatively impact her concentration issues, increase agitation and confusion, cause a personality change and memory deficits, and enhance fears for the remainder of her life. This disclosure is not intended to encompass Dr. Savage's full and complete testimony to be anticipated at trial and is meant to provide the subject matter which the witness will present evidence under Federal Rule of Evidence 702, 703, and 705 and a summary of the facts and opinions which Dr. Savage is expected to testify pursuant to Rule 26(a)(2)(C)(i).

Dkt. 96-3 at 1–2.

Almost two months later, on December 20, 2021, Plaintiff served a second supplemental expert disclosure in which she again identified Dr. Savage as a treating physician who was not retained or specially employed to provide expert testimony and thus "may be called to testify at trial without any requirement for a written report." Dkt. 96-4 at 1. However, in addition to the information previously disclosed regarding Dr.

Savage's testimony, Plaintiff's second supplemental disclosure includes a written report from Dr. Savage that "addresses [his] role and clinical impressions regarding [Plaintiff's] care from 8/8/2018 to 8/28/2019." Dkt. 96-5 at 1. In that report, Dr. Savage states that he reviewed all of Plaintiff's medical records from August 18, 2018 through July 8, 2021, which date is almost two years after he stopped treating Plaintiff. Dr. Savage also references in his report Plaintiff's having been admitted to the emergency room on December 11, 2019 and the results from a March 22, 2021 MRI brain scan, both of which post-date Dr. Savage's treatment of Plaintiff.

### B. Discussion

Plaintiff initially disclosed Dr. Savage, her treating physician, as a Rule 26(a)(2)(C) expert witness and has consistently identified him as such in each of her supplemental expert disclosures, as well as in her response to the instant motion seeking to limit his testimony. There is no indication that Dr. Savage, who treated Plaintiff for more than a year beginning the day of her accident, was retained or specially employed to provide expert testimony in this case. Accordingly, we find that Dr. Savage is a non-retained treating physician subject to the expert disclosures requirement set forth in Rule 26(a)(2)(C). *See Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 6474065, at *2 (S.D. Ind. Nov. 19, 2014) ("[A] 'treating physician' is a Rule 26(a)(2)(C) witness because he is a 'percipient witness' who has firsthand knowledge of the events giving rise to the litigation; on the other hand, a physician recruited for the purpose of giving testimony—rather than treatment—is a Rule 26(a)(2)(B) witness because he has no such firsthand involvement in the events giving rise to the litigation.").

4

According to Plaintiff's expert witness disclosures, Dr. Savage is expected to testify as to the nature of Plaintiff's injuries and the treatment she received as well as his opinions related to the permanent nature of her injuries and her future prognosis. While we do not understand Defendant to take issue with Dr. Savage being called to testify with regard to Plaintiff's injuries and his treatment of Plaintiff while she was under his care, Defendant does seek to have excluded any testimony outside his role as a treating physician, including any opinion contained in his written report that relies on medical records that post-date his treatment of Plaintiff as well as his opinions expressed in paragraphs 4, 5, and 6 of his written report relating to "life-long disease management" and "expected residual effects/limitations she can expect," which opinions Defendant contends were not formed in the course of his treatment of Plaintiff.

As a non-retained treating physician, Dr. Savage's testimony is limited "to opinions that are within the scope of his own observation," *Martin v. Stoops Buick, Inc.*, 2016 WL 4088132, at *4 (S.D. Ind. July 28, 2016), and "to the determinations made in the course of providing treatment to the plaintiff …." *Hambach v. Builders Transportation Co.*, 2016 WL 5847045, at *2 (S.D. Ill. Oct. 6, 2016). Thus, to the extent that Dr. Savage's opinions regarding the permanence of Plaintiff's injuries and her future prognosis are based on his own observations and were reached "in the course of providing treatment," *Blanton v. RoundPoint Mortgage Servicing Corp.*, 825 Fed. App'x 369, 373 (7th Cir. 2020) (quoting *Myers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010)), he may testify to such as a Rule 26(a)(2)(C) witness, so long as his testimony is otherwise admissible under the Federal Rules of Evidence.

However, to the extent such opinions are based on medical records post-dating Dr.

Savage's treatment of Plaintiff or otherwise "go[] beyond" what was observed or

determined during treatment, Dr. Savage will not be permitted to offer such opinions in

his capacity as a Rule 26(a)(2)(C) witness.[1]

### III.    Jon Jacobson, Ph.D., PE[2]

#### A. Factual Background

Plaintiff's theory of liability in this case stems from a traumatic brain injury she

sustained when her right bicycle pedal broke off as she was riding her one-speed bicycle

uphill in the standing position, causing her to fall and strike the right side of her head on

the pavement.  She has testified and her case-in-chief experts have likewise opined that

---

[1] Although Plaintiff maintains that she was not required to submit a written report from Dr. Savage because he is a Rule 26(a)(2)(C) witness, she did disclose such a report from Dr. Savage "to ensure [Defendant] was fully apprised of Dr. Savage's anticipated testimony at trial."  To the extent Plaintiff now argues that her submission of a written report from Dr. Savage permits him to testify to opinions formed outside Plaintiff's care and treatment, that argument is rejected. Plaintiff did not disclose Dr. Savage's November 22, 2021 written report until December 20, 2021—over three months beyond the September 8, 2021 deadline for serving such reports and the day expert discovery closed.  Although Plaintiff maintains that the delay was due not to her dilatoriness but to difficulty communicating with Dr. Savage to secure his report, she provides no explanation as to why she waited until the day discovery closed, almost a full month after Dr. Savage's report is dated to serve the report on Defendant.  Moreover, Dr. Savage's written report does not comply with the expert disclosure requirements of Rule 26.  This case is set for trial on December 5, 2022.  Allowing additional time for discovery to accommodate belated Rule 26 discloses from Plaintiff, which in turn could necessitate a deposition of Dr. Savage, would likely disrupt the trial schedule.  For these reasons, we find that Plaintiff has failed to show that her failure to provide a proper expert report pursuant to Rule 26(a)(2)(B) to enable Dr. Savage to testify beyond the scope of his care and treatment of Plaintiff was either justified or harmless under Rule 37(c)(1). *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information at witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless.").  Accordingly, Dr. Savage is limited to testifying as a Rule 26(a)(2)(C) expert.
[2] Prior to the filing of this motion, the parties reached agreement that certain portions of Dr. Jacobson's written report should be excluded as improper rebuttal conclusions.  These portions of Dr. Jacobson's report have been redacted and we do not discuss them further in this Order.

the final fracture of the pedal adaptor attached to the Bell Kicks 650 pedal incurred a

catastrophic separation due to Plaintiff's pedaling forces.

On November 8, 2021, Defendant served its expert disclosures on Plaintiff,

including disclosures by Ronald Parrington, P.E., FASM, and Steve Werner, Ph.D., P.E.

In Mr. Parrington's written report,[3] he opined that, based on his engineering analysis and

experience, the failure mechanism of the right-side pedal adapter is "unidirectional

bending fatigue." Parrington Report at 21. Mr. Parrington further opined that:

> In addition to cyclic loads due to pedaling, other sources of loading could
> contribute to fatigue crack initiation and final fast fracture. Impact loads, as
> indicated by the wear scars on the outboard end of the right pedal and the
> rubbed band(s) on the pedal adapter fracture surfaces would be expected to
> accelerate fatigue crack initiation and propagation. Likewise, impact loads
> due to hitting an item or a curb during bicycling could also contribute to the
> timing of the final fast fracture.

*Id.* at 17. Ultimately, Mr. Parrington concludes in his report that, due to the "low

frequency of pedal adapter failures and the lack of evidence of any abnormal or

anomalous material conditions associated with the subject fractured right side pedal

adapter, improper positioning of the adapter in the pedal and/or abusive service is the

most likely cause of the fatigue failure." *Id.*

Dr. Werner opines in his written report, based on his experience in mechanical

engineering and accident reconstruction, that the testimony from Plaintiff and her

boyfriend that Plaintiff was riding up a hill on the sidewalk when her right pedal broke

free and she fell, "is not consistent with the dimensions of the sidewalk, [Plaintiff's]

---

[3] Gary J. Novak, Ph.D., P.E. assisted Mr. Parrington with completion of his report.

reported rest location on the sidewalk, or the expected movement kinematics of her and

her bicycle." Werner Report at 13.  Dr. Werner opines that the description of the accident

in the responding paramedic's report from the scene, to wit, that the accident occurred

when Plaintiff struck the curb while transitioning her bicycle from the street to the

sidewalk, is instead "the most likely scenario for [Plaintiff's] crash," because it "is

consistent with the dimensions of the sidewalk, the kinematics of a cyclist fall under

these conditions, and the agreed-upon rest position of [Plaintiff] on the sidewalk."  *Id.*

Based on these conclusions, Dr. Werner opined in relevant part as follows:

> The right pedal being broken would have occurred during the impact of the
> bicycle on the sidewalk and does not prove the pedal adapter broke before
> the crash.  The fracture surface of the right pedal adapter displays evidence
> of a fatigue failure such that the final fracture could have been produced by
> hard pedaling by [Plaintiff] or by the pedal striking the sidewalk as the
> bicycle capsized.

*Id.* at 7.

On December 20, 2021, Plaintiff disclosed Jon Jacobson, Ph.D., PE, as a rebuttal

expert witness to offer opinions to rebut those offered by Mr. Parrington and Dr. Werner.

Plaintiff's rebuttal expert disclosure for Dr. Jacobson provides as follows:

> Dr. Jacobson has reviewed the expert disclosures filed by [Defendant] and
> has prepared a report containing his rebuttal opinions including, without
> limitation, Dr. Jacobson's opinion that the final fracture of the pedal adapter
> at issue was caused by [Plaintiff's] pedaling force and not from the pedal
> striking the ground, curb, or any other surface.

Dkt. 103-2 at 1.  Dr. Jacobson's written report identifies the report's purpose as being "to

provide my rebuttal opinion to the opinions/conclusions reached by [Dr.] Werner [and]

Mr. Parrington, … specifically their opinion that the final fracture of the pedal adapter

could have been produced by the pedal striking on the sidewalk as the bicycle capsized."

Dkt. 103-3 at 1.

In his report, Dr. Jacobson opines that Plaintiff's pedaling force would have produced a stress that was 2.9 times greater than the available strength of the fractured pedal adapter and that such force was sufficient to cause the final fracture of the pedal. Jacobson Rep. at 4–5. Dr. Jacobson also analyzed and evaluated the stress on the pedal adapter that would result from its striking and/or sliding on the concrete sidewalk after Plaintiff had fallen, opining that Plaintiff's pedaling force would have produced a stress of 6.4 times greater than that produced by the pedal adaptor striking or sliding against the sidewalk. *Id.* at 5. Based on these calculations, Dr. Jacobson concludes that the pedal adapter would have fractured under Plaintiff's pedaling force before the pedal would have had a chance to strike the sidewalk; thus, he opines that the pedal adapter fractured as a result of Plaintiff stepping on the pedal as opposed to the pedal "sliding across the riding surface" or "contacting the raised curb at the edge of the sidewalk adjoining with the street." *Id.* at 8.

### B. Discussion

Defendant seeks to have Dr. Jacobson excluded from testifying pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii) on the grounds that he is not a proper rebuttal witness. "The proper function of rebuttal evidence is to contradict, impeach, or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (citations omitted). Evidence that is "offered only as additional support to an argument made in a case in chief" rather than to

rebut evidence offered by the adverse party is "improper on rebuttal." *Id.* Defendant

argues that, under these legal principles, Dr. Jacobson's rebuttal testimony must be

excluded because, rather than rebutting Mr. Parrington's and Dr. Werner's testimony, Dr.

Jacobson offers "a novel analysis of Plaintiff's theories not in response to [Defendant's]

experts on issues which Plaintiff bears the burden of proof, and, therefore, should have

been included in her initial disclosures." Dkt. 103 at 1.

Specifically, Defendant argues that Dr. Jacobson's opinion that the pedal fracture

in this case was caused by Plaintiff's pedaling force as opposed to the pedal striking the

curb does not rebut any opinions offered by Defendant's experts, given that both Mr.

Parrington and Dr. Werner conceded that Plaintiff's pedaling force could have caused the

pedal to fracture. Defendant further contends that Dr. Jacobson's opinion that the fracture

was not caused by the pedal striking the curb must be excluded because his opinion

assumes that Plaintiff had already fallen off her bicycle at the time the pedal struck and/or

slid along the curb, which was not the theory espoused by either Mr. Parrington or Dr.

Werner and therefore cannot be considered rebuttal evidence. Finally, Defendant argues

that Dr. Jacobson's accident reconstruction opinions, hypothetical description of the

accident, and warnings and instructions opinions are not proper rebuttal and should be

excluded.

Plaintiff has not responded to Defendant's argument regarding Dr. Jacobson's

opinions related to accident reconstruction and warnings and instructions or his

hypothetical description of the accident, and thus apparently concedes that these opinions

do not constitute rebuttal opinions. Accordingly, Dr. Jacobson will be prohibited from

testifying as to these portions of his expert report.  We are not, however, persuaded by the

remainder of Defendant's arguments, for the reasons explained below.

Although it is true that Defendant's experts both opined that Plaintiff's pedaling

force could have contributed to and/or caused the final fracture of the pedal, they also

testified that the pedal hitting the sidewalk or the curb could have been the cause.  In

response to these opinions, Dr. Jacobson opines that his analysis comparing Plaintiff's

pedaling force with the force associated with the pedal contacting the sidewalk or curb

definitively demonstrates that the pedal broke due solely to Plaintiff's pedaling force and

not force of the bicycle pedal contacting the riding surface, as Defendant's experts opine

is possible.  Dr. Jacobson's expected testimony therefore rebuts, at least to some extent,

Defendant's experts' opinion that the final fracture could have been caused by either

force.  Accordingly, Dr. Jacobson's testimony is not properly characterized as being

wholly outside the scope of rebuttal and is thus not excludable on these grounds.

Nor are we persuaded by Defendant's argument that Dr. Jacobson's expert report

should be excluded as outside the scope of rebuttal because his opinions are based on a

calculation of the force associated with the pedal contacting the riding surface that does

not account for Plaintiff's weight on the bicycle.  Defendant argues that Dr. Jacobson's

testimony therefore does not rebut any expected testimony from Mr. Parrington or Dr.

Werner as neither of Defendant's experts assumes that Plaintiff had fallen off her bicycle

prior to the pedal striking the sidewalk or curb in opining that such force could have

caused the final fracture of the pedal.  While Dr. Jacobson's failure to account for

Plaintiff's weight in the calculations that form the basis of his opinion is certainly a topic

11

Defendant is free to explore on cross-examination, such a critique goes to the soundness of Dr. Jacobson's analysis and the weight to be given to his opinion that the sole cause of the final fracture of the pedal was Plaintiff's pedaling force as opposed to any contact of the pedal with the riding surface as Defendants' experts opine is possible, not as to its admissibility as rebuttal evidence.

## IV.   Conclusion

For the reasons detailed above, Defendant's Motion to Exclude or Limit the Testimony of Jesse Savage [Dkt. 95] is <u>GRANTED</u> to the extent that Dr. Savage will be limited to testifying to only those opinions he formed during the course of his own treatment of Plaintiff.  Defendant's Motion to Exclude or Limit the Testimony of Jon Jacobson [Dkt. 102] is <u>GRANTED</u> as to his accident reconstruction/description and warnings and instructions opinions and is otherwise <u>DENIED</u>.

IT IS SO ORDERED.


Date:   9/30/2022

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Gregory Eaton
BARNES & THORNBURG, LLP (Indianapolis)
joe.eaton@btlaw.com

Brady J. Rife
STEPHENSON RIFE LLP (Shelbyville)
bradyrife@srtrial.com

Robert Roth
REED SMITH LLP
rroth@reedsmith.com

Sean Robert Roth
STEPHENSON RIFE LLP
seanroth@srtrial.com

Lauren Nottoli Schwabe
BARNES & THORNBURG, LLP (Indianapolis)
lauren.schwabe@btlaw.com

M. Michael Stephenson
STEPHENSON RIFE LLP (Shelbyville)
mikestephenson@srtrial.com