UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KASEY L. SANDLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-02333-SEB-DLP |
| | ) | |
| v. | ) | |
| | ) | |
| BELL SPORTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER REGARDING
DR. WESTCOTT'S PRODUCTION OF RAW DATA AND TEST SCORES**

**I.      INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following provisions of this Court's Uniform Stipulated Protective Order.

**II.     SCOPE OF PROTECTED INFORMATION**

Plaintiff's retained Dr. Polly Westcott, Psy.D., HSPP, a clinical neuropsychologist, to perform a neuropsychological examination of Ms. Sandlin.  Dr. Westcott intends to provide expert opinion testimony regarding, *inter alia*, the diagnoses and prognosis of Ms. Sandlin's neurological and psychiatric impairment stemming from the August 8, 2018 incident which is the subject of this lawsuit.  In reaching her expert opinions, Dr. Westcott performed various tasks which included evaluative assessments and testing on Ms. Sandlin.  Dr. Westcott provided the raw data and test scores she relied upon to Defendant's consulting expert, Dr. Fred Unverzagt, a fellow neuropsychologist.  Defendant requests the raw data and tests scores be produced directly to counsel for the Defendant.

On September 30, 2022, the Court issued an order [Dkt. 158] requiring Plaintiff disclose to defense counsel the underlying raw data and test scores (hereinafter referred to as the "Protected

Information") relied upon by Dr. Westcott in reaching her opinions in this matter, pursuant to a stipulated protective order submitted to and approved by the Court.

### III. DESIGNATION OF PROTECTED INFORMATION

A. <u>Scope:</u>  This Order governs the production of the Protected Information by Dr. Westcott to defense counsel and the handling of the Protected Information which the parties mutually agree shall be designated as "Confidential" consistent with the terms of this Order.

B. <u>Application to Non-Parties</u>: The parties agree that the Protected Information shall not be shared with any non-party who is not a neuropsychologist.  Before a non-party neuropsychologist is given copies of the Protected Information as permitted hereunder, he/she must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if he/she fails to do so, the parties to this action must resolve any such dispute before making disclosure of Protected Information as permitted hereunder to the non-party neuropsychologist.

C. <u>Timing and Provisional Protection:</u>  The parties agree and stipulate that the Protected Information is hereby designated as "Confidential."

D. <u>Manner of Designation:</u>  The parties agree and stipulate that the designation of "Confidential" applies to the Protected Information.

### IV. LIMITED ACCESS/USE OF PROTECTED INFORMATION

A. <u>Restricted Use:</u>  The Protected Information produced under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of Dr. Polly Westcott.  No Protected Information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of the Protected Information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is

maintained. Any use or disclosure of the Protected Information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

      B.     <u>Access to "Confidential" Information:</u>  The parties and all persons subject to this Order agree that the Protected Information is hereby designated as "CONFIDENTIAL" and may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; and

4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

      C.     <u>Non-Waiver Effect of Designations:</u>  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

      D.     <u>In-Court Use of Designated Information:</u>  If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then defense counsel must give

advance notice to counsel for Plaintiff prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**V.     DURATION/CONTINUED RESTRICTIONS**

A.     <u>Handling of Designated Information Upon Conclusion of Action:</u>  Upon conclusion of this action, including all appeals, defense counsel shall destroy the Protective Information. Defense counsel is further responsible for ensuring that any party or person to whom they shared or disclosed the Protective Information also destroys all copies of the Protective Information, regardless of the medium in which it was stored.  Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, defense must certify to Dr. Westcott that the Protected Information has been destroyed by all parties and witnesses for whom that party is responsible.   This provision does not apply to the Court or Court staff.

B.     <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of confidential information survive the conclusion of this action.

**VI.    REQUESTS TO SEAL**

This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11.

/s/ M. Michael Stephen  on
M. Michael Stephenson
Brady J. Rife
Sean R. Roth
STEPHENSON RIFE, LLP
21450 Intelliplex Drive, Suite 200
Shelbyville, IN 46176
mikestephenson@srtial.com
bradyrife@srtrial.com
seanroth@srtrial.com
*Attorneys for Plaintiff*


/s/ Joseph G. Eaton (w/permission)
Joseph G. Eaton
Lauren Nottoli Schwabe
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
joe.eaton@btlaw.com
lauren.schwabe@btlaw.com

Robert Roth
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
rroth@reedsmith.com
*Attorneys for Defendant Bell Sports Product , Inc.*


Date: 11/1/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana